UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-60050-CR-JORDAN/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KELLY CINEUS,

    Defendant.
_____/

### ORDER ON DEFENDANT'S MOTION FOR RETURN OF PROPERTY

This matter comes before the Court on Defendant's Motion for Return of Property [D.E. 81], filed June 13, 2006.[1] The government filed its response in opposition. The Court has reviewed the record in this case and is otherwise fully advised. Defendant's motion will be denied for the reasons set forth below.

Defendant contends that the following property was taken from him at the time of his arrest and never returned:

> (1) one ice necklace with white diamonds and body; (2) one ice bracelet with small white diamonds; (3) one gold thumb ring; (4) one white diamond ring (white gold) with multiple tiny diamonds on top; (5) one white gold ice wedding ring with multiple diamonds on top; (6) two Piaget Polo white gold diamond watches; (7) one microphone charm with small diamonds around the mouthpiece.

Rule 41(g) authorizes a person "aggrieved by an unlawful search and seizure of property of by the deprivation of property" to move for the property's return. A Rule 41(g) motion filed after criminal proceedings against a defendant have been terminated, as occurred here, is treated as a civil proceeding for equitable relief. *United States v. Martinez*, 241 F.3d 1329, 1330-31 (11th Cir. 2001) (court aligned itself with the several other circuits that treat a Rule 41(g) motion filed after the termination of criminal

---

[1] This court notes that the Defendant has filed several versions of his motion for return of property. The most recent, the "Revised Amended/Corrected Motion for Return of Property," is the document referenced by D.E. 81.

proceedings as a civil proceeding for equitable relief). "[T]he person from whom the property is seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001). If the government is no longer in the possession of the property, it has a duty to provide evidence that describes the circumstances of its disposal, loss or destruction. *See id.* (although the government alleged in its pleadings that the property sought by the defendant was destroyed, the pleadings were not verified and no supporting affidavits were filed).

The Court finds that the government has complied with the requirements of *Potes Ramirez* and met its burden to account for all the items that were initially seized. In the sworn affidavit submitted by Special Agent Matthew Vitta, the government states that on June 7, 2005, (the date the Defendant was convicted) all of the jewelry seized from the Defendant and from his luggage on the date of his arrest were returned to him. [D.E. 90]. The government further states in Special Agent Vitta's affidavit:

> Defense counsel Tom Almon, Esq., signed a property receipt acknowledging receipt of the items described as follows: a gold colored "Citizen" watch; a gold colored ring with clear stones; a gold colored bracelet; a gold/black colored key chain with clear stones; a gold colored earring with clear stones; a gold colored necklace with emblem; and a gold colored ring with clear stones.

*Id.* The government asserts that these items were the only pieces of jewelry discovered and seized by the agents the date of Defendant's arrest. *Id.* Lastly, the government contends that any property that Defendant alleges was not returned to him that is not listed in the property receipt signed by Tom Almon, Esq., was never discovered or seized from Defendant.

Although Defendant alleges that he never received these items, the Court finds that the government has not acted improperly. Mr. Almon possessed apparent authority to act as Defendant's agent at the time that the government gave him Defendant's property. Furthermore, to the extent that Defendant alleges that the government seized property from him other than the items listed in Special Agent Vitta's affidavit, the government has complied with its obligation under Rule 41(g) by providing the affidavit, which states in

2

pertinent part: "These items were the only pieces of jewelry discovered and seized by the agents." Based upon the record that now exists here, the government has adequately accounted for its obligations. *Id.*[2]

The government also requests that it be allowed to hold on to the waist belts and telephones that were seized from Defendant at his arrest. The government argues that the items have evidentiary value and should remain in the government's possession until the period of time for collateral attack of Defendant's conviction expires. The government alleges that Defendant was wearing the belts at the time of his arrest to conceal contraband. Additionally, the government argues that due to Defendant's post-arrest statement that he expected to call a friend for a ride home, the absence of that friend's phone number from the Defendant's cell phone directories could be used as evidence in the event of a second trial.

Notably, in his motion, Defendant did not allege that the government failed to return the waist belts and telephones. The government, however, represents that it will direct the agents in the case to release these items to Defendant or his agent at the conclusion of all proceedings in this matter. Given that the government's need for the property as evidence continues and that Defendant has not requested the return of said property in his motion, the government may continue to hold the waist belts and telephones until the period of time for collateral attack of Defendant's conviction expires; thereafter, the government must promptly return the waist belts and telephones to Defendant. *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999) ("Generally, a Rule 41(e) motion is properly denied 'if . . . the government's need for the property as

---

[2] Even if the government's representation turns out to be incorrect, and in fact additional items were in the government's possession that have not been returned and have somehow been lost, there is no further relief that can be had under the present motion based on Rule 41(g). There is, of course, no money damage remedy available against the government under this Rule based on the government's sovereign immunity. *See United States v. Potes Ramirez,* 260 F.3d 1310, 1315-16 (11th Cir. 2001). At the same time, the denial of the present motion is without prejudice to Defendant's attempt to pursue a different legal remedy for the injury alleged here. *See id.* at 1316 n.10.

evidence continues.'") (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)).

      Accordingly, for these reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Revised Amended/Corrected Motion for Return of Property [D.E. 81] is **DENIED**.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of November, 2006.

                                                EDWIN G. TORRES
                                                United States Magistrate Judge

Copies provided to:
Honorable Adalberto Jordan
All counsel of record